Munder, J. (dissenting).
I understand the majority opinion to be a caveat to the trial bench that whenever an early application is made to withdraw a guilty plea it may not be summarily denied but the court must place upon the record a sufficient inquiry of the defendant and of his counsel to establish that the plea was knowingly and voluntarily entered and that the request to withdraw it has no merit. With that caveat I have no quarrel but I do not think that it should be announced in the two cases now before us.
*702 My long experience at the criminal trial bar and bench assures me that, like an iceberg, the official record of a plea shows a very small portion of the total discussion that brought it about. I do not mean that there áre no instances where justice may require the withdrawal of a guilty plea. We find examples where language difficulties gave rise to doubt as to the full awareness of the defendant in People v. Serrano (15 N Y 2d 304) and People v. McKennion (27 N Y 2d 671); and where the defendant was a distraught mother, People v. Seaton (19 N Y 2d 404).
Here we have the cases of two court-wise defendants. In one, King, we have a defendant who, since his plea, has learned that his victim has become reluctant to testify against him. In the other, we have the defendant, McClain, who, since his plea, has experienced the dismissal of a third burglary charge against him in a local criminal court. Whether that dismissal was on the merits, or as part of the bargain that resulted in the plea he now seeks to withdraw, is not clear. This perhaps has steeled him to resist the two indictments that were consolidated for the purpose of the plea. Neither defendant says that he did not commit the acts which form the bases for the charges made against them.
In these cases I prefer to trust the wisdom and integrity of the Trial Judges who, in an exercise of discretion, denied these applications, especially so since an Appellate Division, which had the power to exercise discretion in a manner contrary to that of the Trial Judges, chose unanimously to approve their action. I would not, as a matter of law, say that their denial of these applications was an abuse of discretion.
For these reasons I vote to affirm the orders appealed.
Chief Judge Fttld and Judges Bbeitel, Jasen, Jones and WachtIzEb concur in Per Curiam opinion; Judge Bubke dissents and votes to affirm in a separate opinion; Judge Mundeb* also dissents and votes to affirm in a separate opinion in which Judge Bubke concurs.
In People v. McClain: Order reversed and case remitted to Erie County Court for a hearing on defendant’s motion to withdraw his plea of guilty.
*703 In People v. King-. Order reversed and case remitted to Supreme Court, Erie County, for a hearing on defendant’s motion to withdraw his plea of guilty.

Designated pursuant to section 2 of Article VI of the State Constitution in place of Gabrielm, J., disqualified.